**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DUSTIN JONES, *Plaintiff* | § § § | |
| v. | § § | Case No.  SA-24-CA-01179-XR |
| FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; *Defendant* | § § § § § | |

## ORDER ON REPORT AND RECOMMENDATION

On this date, the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation (ECF No. 14) ("the R&R") and Plaintiff's objections (ECF No. 16). Judge Bemporad recommends that the Court affirm the denial of Plaintiff's application for disability-insurance benefits ("DIB") under Title II of the Social Security Act. After careful consideration, the recommendation is **ACCEPTED** and the decision of the Commissioner is **AFFIRMED**.

## BACKGROUND

### I. Plaintiff's Application for Benefits

Plaintiff filed an application for DIB on February 28, 2023. Tr. at 17. At that time, he was 51 years old with a high school diploma. ECF No. 14 at 2. His prior work experience was as a topographic engineer, hunting guide, and Marine. *Id*.

The Social Security Administration ("SSA") denied Plaintiff's application. *Id*. Plaintiff appealed and the parties held a hearing before an Administrative Law Judge ("ALJ"). *Id.* The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore ineligible for DIB. Tr. at 17–29.  To support this finding, she analyzed Plaintiff's application under 20 C.F.R. § 404.1520(a) and concluded:

(1) Plaintiff had not engaged in gainful activity after the onset of his alleged disability;

(2) Plaintiff had severe impairments that included an amputation of his right leg below his knee and degenerative disc disease in his neck and low back;

(3) these severe impairments did not meet the severity of the impairments listed in 20 C.F.R. § 404, Subpart P, App. 1;

(4) given these impairments, Plaintiff retained a residual functioning capacity ("RFC") to perform light work with some limitations;[1] and

(5) given this RFC, Plaintiff could perform a significant number of jobs in the national economy.

ECF No. 14 at 2–5.

In reaching the fourth conclusion above (the RFC), the ALJ considered *inter alia* two medical consultants' opinions. *Id*. at 3. One consultant, Dr. Ligon, concluded that Plaintiff could perform *light* work and stand or walk for roughly *six* hours per workday. The other consultant, Dr. Folarin, found that Plaintiff could perform *less than light* work and stand or walk for *four* hours per workday. *Id*. at 3. The ALJ considered both opinions and found each "partially persuasive." *Id.* But ultimately, she weighed these opinions considering the record and concluded that Plaintiff could perform light work with limitations[2] and stand or walk for six hours per workday.[3]

In reaching the fifth conclusion above (that Plaintiff could perform a significant number of jobs in the national economy), the ALJ relied on the testimony of a vocational expert ("the VE").

---

[1] *See* 20 C.F.R. § 404.1567(b) (defining "light work" for the purposes of DIB).

[2] These limitations included "occasional climbing of ramps or stairs; never climbing ladders, ropes, [or] scaffolds; occasional balancing, stooping, kneeling, crouching[,] and crawling; occasional overhead reaching; no foot controls; [and] occasional interaction with the public and coworkers." Tr. at 22.

[3] The ALJ did not explicitly state this conclusion. Instead, she stated that Plaintiff could perform light work with limitations. ECF No. 14 at 4. Those limitations did not include limitations on standing or walking. *Id*. And SSA regulations define "light work" to include "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10.

The VE testified that there were over 320,000 jobs available to Plaintiff given his RFC. ECF No. 14 at 4. The VE further testified that approximately 33,000 jobs would be available to Plaintiff if Plaintiff could only stand or walk for six hours per workday; that is, if Plaintiff's limitations included an additional standing/walking limitation. *Id*. at 11.

Based on the foregoing, the ALJ concluded that Plaintiff was not disabled within the meaning of 20 C.F.R. § 404. *Id.* at 5. She therefore denied his DIB application. *Id.* Plaintiff appealed to the SSA Appeals Council. *Id.* The Council declined to review the decision, and so the ALJ's decision became final. *Id*.

Plaintiff then filed this suit.[4] Pursuant to this Division's Standing Order, the case was referred to Magistrate Judge Henry J. Bemporad. *See* Text Order Dated Oct. 17, 2024).

## II. The Magistrate Judge's Recommendation to Affirm the Denial of Benefits

On appeal, Plaintiff makes two arguments:

(1) the ALJ erred in determining the RFC because "she did not explain why she did not adopt the four-hour standing/walking limitation . . . and she did not resolve" the contradictory medical opinions;

(2) the ALJ erred in finding that a significant number of jobs were available to Plaintiff because she improperly relied on the VE's testimony.

ECF No. 9 at 7–8. Magistrate Judge Bemporad rejected both arguments.

### A. Residual Functioning Capacity Determination

Plaintiff first argued that the ALJ erred in determining the RFC because she failed to state how she resolved the contradictory medical opinions. ECF No. 9 at 7. The Magistrate Judge reviewed the record and disagreed for three independent reasons. First, he found that the ALJ "did,

---

[4] *See* 42 U.S.C. § 405(g) (permitting judicial review of the SSA Commissioner's final decision).

at least implicitly, resolve the conflict in the opinion evidence as to Plaintiff's ability to stand and walk." ECF No. 14 at 9. Second, he noted that the RFC was a factual determination reviewed on a "substantial evidence standard," and "it cannot be said that the RFC assessment was not based on substantial evidence" given the record and Dr. Ligon's opinion. *Id.* at 10.

Third and finally, the Magistrate Judge identified any purported error as harmless. "[E]ven if the Court assumes that resolving the conflict would have resulted in some reduction of the hours of walking and standing included in the RFC," this would have reduced the number of jobs available to Plaintiff to 30,000. *Id*. at 10–11. "[T]hat estimate would still constitute a significant number" and support a finding of no disability.

Thus, the Magistrate Judge recommended against remanding based on Plaintiff's first argument.

**B. Reliance on Vocational Expert's Testimony**

Plaintiff further contends that "[t]he Commissioner cannot rely on the VE's testimony." ECF No. 9 at 13. He alleges that "the VE's testimony [was] unreliable and insufficient to support a non-disability finding." *Id.* The Magistrate Judge again disagreed, concluding that "[t]he record here indicates that the ALJ's reliance on the VE's testimony was warranted." ECF No. 14 at 12. Among other things, the VE relied on her education, training, experience, and observations in job placement to offer an assessment of the job available to Plaintiff. *Id.* The Magistrate Judge thus held that "the ALJ did not prejudicially err in relying on the VE's testimony and finding that there were a significant number of jobs in the economy that Plaintiff could perform." *Id*. at 13.

Plaintiff timely objected to the Magistrate Judge's Report and Recommendation (ECF No. 14). The Court addresses those objections now.

## LEGAL STANDARD

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

## DISCUSSION

Plaintiff makes three objections to the Report and Recommendation. *See* ECF No. 16. The first two rehash arguments addressed in the R&R. The third misreads the Magistrate Judge's reliance on the VE testimony. Plaintiff's three arguments are:

(1) the Magistrate Judge erred in concluding that, if ALJ failed to resolve the contradictory medical evidence, the error was harmless;

(2) the Magistrate Judge incorrectly found that the VE's testimony could support the ALJ's decision; and

(3) the Magistrate Judge improperly concluded that 33,000 jobs is a significant number.

ECF No. 16 at 1–2.

5

**I. The ALJ Resolved the Contradictory Medical Evidence Against Plaintiff**

Plaintiff first contends that the Magistrate Judge erred in sustaining the ALJ's determination of the RFC because "she did not explain why she did not adopt the four-hour standing/walking limitation . . . and she did not resolve" the contradictory medical opinions. ECF No. 9 at 7. Citing *Kneeland v. Berryhill*, he claims that the failure to do so is "legal error" that mandates remand. *See Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017).

But *Kneeland* stands for the proposition that "[m]edical opinions, especially conflicting medical opinions, must be considered." *Id.* at 759. In other words, *Kneeland* requires that the ALJ weigh a medical opinion. This is apparent considering that *Kneeland* involved an ALJ who *rejected* a medical opinion. *Id.* at 759 ("Given that Dr. Bernauer's opinion is a medical opinion, the ALJ legally erred by rejecting it without explanation, which resulted in an RFC not based on substantial evidence.").

But the facts here are different. The ALJ considered the opinions of both medical consultants. ECF No. 14 at 3. She found both "partially persuasive" because they were "supported by review of treatment records" and "generally consistent with evidence of" Plaintiff's conditions. *Id.* Ultimately, she credited one opinion over the other. That was her prerogative. *See Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001) (per curiam) (holding that the relative weight given to the evidence contained in the record is within the ALJ's discretion). The Court may not now "substitute its judgment for the Commissioner's." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

Plaintiff further contends that the Magistrate Judge was wrong to state that any error in failing to resolve the contradictory testimony was harmless. But the Magistrate Judge correctly concluded that the ALJ *did* resolve the contradictory evidence. *See* ECF No. 14 at 9 (finding that the ALJ "did, at least implicitly, resolve the conflict in the opinion evidence as to Plaintiff's ability

6

to stand and walk."); *supra* n.3. Unfortunately for Plaintiff, she resolved it against him. It is not for this Court to second guess her. *See Acosta v. Astrue*, 865 F. Supp. 2d 767, 790 (W.D. Tex. 2012) ("RFC determinations are inherently intertwined with matters of credibility, and the ALJ's credibility determinations are generally entitled to great deference." (citation omitted)).

Plaintiff's first objection is overruled.

## II. The VE's Testimony Supported the ALJ's Decision

Plaintiff attacks the VE's job number testimony. ECF No. 16 at 5. Specifically, he argues that substantial evidence does not support the VE's conclusion that the Plaintiff would have 33,000 jobs available to him if he had the standing/walking limitation. *Id*. According to Plaintiff, this conclusion relied on methodology that "was an admitted guess untethered to verifiable sources," and so it could not "sustain the Commissioner's burden." *Id*. at 6.

The Commissioner did not rely on the 33,000-job number to sustain his burden. *See* Plaintiff's Objections, ECF No. 16 at 7 ("The ALJ found [Plaintiff] not disabled based on full light-work numbers."). As the Magistrate Judge noted, the ALJ "did not reduce the number of positions to account for a limitation on the Plaintiff's ability to stand or walk during the workday." ECF No. 14 at 5. Instead, she found that Plaintiff had over 320,000 jobs available to him. *Id*. Plaintiff does not object to the methodology that the VE used to reach this number. Indeed, substantial evidence supports it.

Plaintiff's second objection is overruled.

## III.  The Magistrate Judge Did Not Supply a "Significant Number" Finding

Plaintiff lastly states that the Magistrate Judge improperly supplied a "significant number finding." Specifically, he takes exception to the Magistrate's conclusion that 33,000 jobs would constitute a "significant number" for the purposes of DIB. ECF No 16 at 7.

The Magistrate Judge stated that "even if the ALJ had expressly resolved the conflict, and even if the Court assumes that resolving that conflict would have resulted in some reduction of the hours of walking and standing included in the RFC, the error was harmless." ECF No. 14 at 10. This was because, according to the Magistrate Judge, 33,000 jobs would "still constitute a significant number." *Id.* at 11.

Plaintiff believes that this conclusion is contrary to *SEC v. Chenery Corp.*, 318 U.S. 80, (1943), because it "improperly supplies a Step Five 'significant numbers' finding that the ALJ never made." ECF No. 16 at 7. But Plaintiff again overlooks that the ALJ resolved the conflicting medical testimony and relied on the 320,000-job number. *See* Plaintiff's Objections, ECF No. 16 at 7 ("The ALJ found [Plaintiff] not disabled based on full light-work numbers."). So the Magistrate Judge was only addressing a hypothetical question. The Court need not determine if his answer was correct. The Magistrate Judge did not improperly supply a "significant number" finding, and substantial evidence supports the VE's estimate of 320,000 jobs. Plaintiff's third objection is overruled.

## CONCLUSION

The recommendation of the Magistrate Judge is **ACCEPTED**, and the decision of the Commissioner is **AFFIRMED**.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 5th day of February, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE